**No. 64844.**—Lindsley Import & Export Company v. United States, protests 58/7600, etc. (Tampa).

MOLLISON, Judge: The merchandise the subject of the protests enumerated in the attached schedule of protests is described on the invoices as "Music Boxes with 18 Notes" and further described as "No. 4, 7⅞″ x 5½″ x 4½″," and as "No. 5, 7⅞″ x 5½″ x 4½″." It was assessed with duty at the rate of 47½ per centum ad valorem under the provision in paragraph 411 of the Tariff Act of 1930, as modified by T.D. 54108, for bags in chief value of wood. The protest claim is for duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the said act, as modified by T.D. 52373 and T.D. 52476, for manufactures in chief value of wood, other than certain manufactures not involved here.

When the protests were called for trial, counsel for the parties stipulated in open court that—

1. Such articles are in chief value of wood.

2. Such articles are not designed and intended to be generally and commonly used as bags or handbags.

3. Such articles are designed and intended to be generally and commonly used as jewelry or trinket boxes, and they are generally and commonly so used.

The protests were submitted for decision upon the foregoing stipulation and a sample representative of the merchandise, which was received in evidence without objection as plaintiff's collective exhibit 1.

From an examination of the record as thus made, we are satisfied that the principles of the decisions in the cases of *Thorens, Inc.* v. *United States*, 31 C.C.P.A. (Customs) 125, C.A.D. 261, and *Premier Decorations, Inc.* v. *United States*, 24 Cust. Ct. 478, Abstract 54361, are applicable to the issues and facts in this case.

Following those authorities, the protest claim in each case is sustained and judgment will issue accordingly.